JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:20-cv-8335-SB-AGR | Date: | Nov. 13, 2020 |
|---|---|---|---|

Title: *Ashley Mays v. Nurtur, LLC, et al.*

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** ORDER ON PLAINTIFF'S MOTION TO REMAND

Before the Court is Plaintiff Ashley Mays's ("Plaintiff") Motion to Remand. Dkt. No. 11 (Motion). Defendants Nurtur, LLC, et al. ("Defendants") filed their Opposition (Dkt. No. 17) on October 23, 2020, and Plaintiff filed her Reply on October 30, 2020 (Dkt. No. 19). As Defendants have failed to meet their burden to demonstrate that removal is proper, the Court **GRANTS** Plaintiff's Motion.

I. **BACKGROUND**

Plaintiff filed this action in the Los Angeles Superior Court, naming Nurtur, LLC ("Nurtur") and Nurtur Los Angeles, LLC ("Nurtur L.A.") as Defendants. Dkt. No. 1-2. She alleges that Defendants operate a local beauty school and salon in Los Angeles and made false representations about the educational program to attract students, obtain their tuition, and use their free services. Plaintiff brought suit on behalf of herself and a putative class.

On August 12, 2020, Defendants were served with the complaint and summons. Dkt. No. 1, Notice of Removal ("NOR") at 2. On September 11, 2020,

Defendants filed a notice of removal, asserting diversity jurisdiction under 28 U.S.C. § 1332. In support of their jurisdictional claim, Defendants submitted the Declaration of Patrick J. Thompson, the majority owner and managing member of Nurtur and the president and manager of Nurtur L.A. *Id.* Addressing citizenship, Thompson states:

> Nurtur is, and was at the time of filing of this action, a limited liability company organized under the laws of the State of Ohio with its principal place of business in Ohio. Nurtur Holdings LLC owns 100% of Nurtur. In addition to myself, the minority members of Nurtur Holdings LLC are Mark Phelan, an individual residing in the State of Ohio; Gus Vratsinas, an individual residing in the State of Arkansas; John Vratsinas, an individual residing in the State of Florida; and Gregory Hanner, an individual residing in the States of Ohio and/or Illinois.
>
> Nurtur [L.A.] is, and was at the time of filing of this action, a limited liability company organized under the laws of the State of Ohio with its principal place of business in Ohio. Nurtur [L.A.] has three members: Thomas Hoffman and Mark Fallon, both of whom reside in the State of Ohio, own the majority of interests, while Nurtur Holdings LLC owns a minority of interests.

Dkt. No. 4, Thompson I Decl. ¶¶ 3-4.

On October 13, 2020, Plaintiff filed this motion to remand, pointing out obvious deficiencies in the Thompson declaration filed in support of removal and seeking an award of attorneys' fees under 28 U.S.C. § 1447(c). Mot. at 23-24. In opposition, Defendants argue that diversity jurisdiction exists as defined under 28 U.S.C. § 1332(a) (for non-class actions) and under 28 U.S.C. § 1332(d) (for class actions under the Class Action Fairness Act ("CAFA")). Opp. at 6, 14. Defendants filed a second Thompson declaration stating:

> Nurtur Holdings LLC owns 100% of Nurtur. I am the majority member of Nurtur Holdings LLC, and the minority member of Nurtur Holdings LLC is Mark Phelan. Since the filing of the Notice of Removal, I purchased the interests of Gus Vratsinas, John Vratsinas, and Gregory Hanner, who previously were minority members of Nurtur Holdings LLC, as well. I reside and am domiciled in the State of Ohio, and Mark Phelan also resides and is domiciled in the State of

> Ohio. Neither of Nurtur's members reside or are domiciled in the State of California.
>
> Nurtur [L.A.] has three members: Thomas Hoffman and Mark Fallon own a majority of the interests, and Nurtur Holdings LLC owns a minority of interests. Thomas Hoffman and Mark Fallon both reside and are domiciled in the State of Ohio. As previously stated, the members of Nurtur Holdings LLC reside and are domiciled in the State of Ohio. None of Nurtur [L.A.]'s members reside or are domiciled in the state of California.

Dkt. No. 17-2, Thompson II Decl. ¶¶ 5, 8.

In reply, Plaintiff argues that the second Thompson declaration, even if considered despite its evidentiary flaws, does not cure the deficiencies of the first. Plaintiff notes that the second declaration is every bit as conclusory as the first and suggests that the deficiency does not appear to be one of lawyering:

> It is curious that an Ohio LLC and the Ohio individuals who own it should open a physical school in Los Angeles, California to enroll California students to meet California licensing requirements and pursue careers in California. There are no facts explaining why Nurtur [L.A.] exists, why it was opened in Los Angeles, why it focuses on training students to meet California licensing requirements, and how Thompson manages Nurtur [L.A.]. Why would a small Ohio company decide to start a small school wedged in between a Taco Bell and Jerry's Famous Deli in Westwood, California, thousands of miles away, with no connection between the owners and the locale?

Reply at 13.

That is a fair question—and though not a dispositive question for purposes of diversity jurisdiction, it does raise suspicion when Defendants offer yet another conclusory declaration in the face of a reasonable jurisdictional challenge. Defendants do not have the burden of removing all suspicion, but they are required to establish jurisdiction by a preponderance of the evidence, which they have not done here, as explained below.

## II. DISCUSSION

### A. STRONG PRESUMPTION AGAINST REMOVAL JURISIDICTION

A defendant may remove a civil action from state to federal court so long as jurisdiction originally would lie in federal court. 28 U.S.C. § 1441(a). If removal is based on diversity jurisdiction, *id.* at § 1441(b), the removing defendant must prove complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The removing party bears the burden of proof. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "near-canonical rule that the burden on removal rests with the removing defendant"). In attempting to discharge this burden, the removing party must remember that there is a "'strong presumption' against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (relying on this "strong presumption" in evaluating the dearth of evidence adduced by the removing party) (internal quotation omitted). Indeed, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* at 566.

### B. DIVERSITY OF CITIZENSHIP

A person's state citizenship is determined by the person's domicile—not the person's state of residence. A person is not necessarily domiciled where she resides; rather, a domicile is a person's permanent home, where she resides with the intention to remain or to which she intends to return. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986); *see Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode . . ."). Numerous factors may be considered when evaluating a person's intent to remain in, or return to, a given state, including such "objective facts" as the person's "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew*, 797 F.2d at 750.

Measured against the applicable standard, the evidence presented by Defendants falls far short of the mark. The named defendants[1] in this case are two limited liability corporations ("LLCs"): Nurtur and Nurtur L.A. For purposes of diversity jurisdiction, LLCs are citizens of every state where their owners, members, or partners are citizens. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that LLCs are treated like partnerships for diversity jurisdiction). This means that each LLC owner or member must be a U.S. citizen and a citizen of a state different from that of the plaintiff(s). *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).

In his first declaration, Thompson states that he is Nurtur's majority owner and managing member and Nurtur L.A.'s president and manager. He asserts only that he is a "resident of the State of Ohio," providing no evidence of domicile. Thompson I Decl. ¶ 1. He provides similarly insufficient evidence for Nurtur's other members, asserting that: Mark Phelan, Thomas Hoffman, and Mark Fallon reside in Ohio; Gus Vratsinas resides in Arkansas; John Vratsinas resides in Florida; and Gregory Hanner resides in "Ohio and/or Illinois." *Id.* ¶¶ 3-4. In his second declaration, Thompson attempts to fill in the gaps by conclusorily adding that each owner or member of Nurtur and Nurtur L.A. is "domiciled" where he resides.[2] Thompson states that he "reside[s] and [is] domiciled in the State of Ohio, and Mark Phelan also resides and is domiciled in the State of Ohio," and that "Thomas Hoffman and Mark Fallon both reside and are domiciled in the State of Ohio." Thompson II Decl. ¶¶ 5, 8.[3]

Thompson has not proven that he or any other LLC member is domiciled outside California. A "bald" assertion of domicile is not proof of domicile. *Gaus*,

---

[1] The citizenship of DOE defendants is disregarded. 28 U.S.C. § 1441(b)(1).

[2] Defendants claim that the second Thompson declaration may be considered as an amendment of their removal petition. Opp. at 8 (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n. 1 (9th Cir. 2002). Plaintiff does not argue otherwise, though she objects to its consideration on evidentiary grounds.

[3] Thompson also asserts that he "purchased the interests of Gus Vratsinas, John Vratsinas, and Gregory Hanner" after removal of this case. *Id.* ¶ 5. This change is irrelevant because diversity jurisdiction is determined "as of the time [the action] was filed and removed." *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1134 (9th Cir. 2002).

980 F.2d at 567 (citing *Garza v. Bettcher Indus., Inc*., 752 F.Supp. 753, 763 (E.D. Mich. 1990)). To satisfy their burden, Defendants are required to provide "the *underlying facts* supporting [their] assertion" of citizenship. *Id.* (emphasis in original). The U.S. Supreme Court articulated this principle long ago, stating: "If [a party's] allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof." *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936) (quoted in *Gaus*, 980 F.2d at 566-67). Were it otherwise, a party asserting jurisdiction would decide jurisdiction by offering conclusory assertions that escape meaningful judicial review.

Neither declaration provides any of the underlying facts supporting the assertion of domicile. Thompson does not even provide a statement that he intends to remain in Ohio (which in itself would be insufficient), much less the type of objective facts that must be considered. *See Lew*, 797 F.2d at 750. His declaration offers similarly inadequate information for the other LLC members but suffers from the additional flaw that it lacks a foundation to establish his knowledge of their domicile. The evidentiary objections are therefore well founded. This leaves the removal petition lacking any evidence of domicile for any Defendant, requiring the Court to remand this case to state court.[4]

### C. REQUEST FOR ATTORNEYS' FEES

Plaintiff requests an award of attorneys' fees. Fees may be awarded "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp*., 546 U.S. 132, 141 (2005). This Court cannot say that removal was unreasonable in a case in which a California citizen has sued two Ohio LLCs. What the Court can say is that Defendants failed to satisfy their burden of proving diversity citizenship. The request is therefore denied.

## III. CONCLUSION

Plaintiff's Motion is **GRANTED** (other than the fee request), and this matter is remanded to Los Angeles Superior Court.

---

[4] Because Defendants have failed to show any diversity of citizenship, their reliance on the relaxed diversity requirements under CAFA is unavailing. As a result, the Court need not reach the serious question whether Defendants have satisfied the $5 million jurisdictional amount.